**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLENE CARROLL,

    Plaintiff,

vs.                                    No. 1:16-cv-1139 KG/KBM

BOARD OF COUNTY COMMISSIONERS
OF RIO ARRIBA COUNTY, RANDY R.
SANCHES, BRANDON ARCHULETA
AND THOMAS R. RODELLA,

    Defendants.

**MOTION OF DEFENDANTS FOR PROTECTIVE ORDER
STAYING DISCOVERY PENDING THE DISPOSITION
OF THEIR MOTION FOR SUMMARY JUDGMENT ON THE
BASIS OF QUALIFIED IMMUNITY (DOC. 21)**

COME NOW Defendants Randy R. Sanches and Thomas R. Rodella by and through their counsel of record, Yenson, Allen, & Wosick, P.C. (Robert W. Becker appearing), and Brandon Archuleta, by and through his counsel of record, Brennan & Sullivan, P.A. (James P. Sullivan and Frank D. Weissbarth appearing), and move this Court for a protective order staying discovery until such time as the Court rules on their motion for summary judgment in which they raise qualified immunity from suit.  Plaintiffs oppose this motion.

**INTRODUCTION**

The Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on the Defendants' motion.  The doctrine of qualified immunity compels such a result, as detailed in the Defendants Sanches and Archuleta's summary judgment motion. Doc. 21. Staying all discovery, pending decision on the outstanding summary judgment motion, is appropriate because Defendants Randy R. Sanches and Brandon Archuleta have asserted a qualified immunity defense.

**ARGUMENT**

I.  **Having Asserted the Defense of Qualified Immunity, Defendants are Entitled to a Stay of Discovery Pending Resolution of their Qualified Immunity Motion.**

"Qualified immunity protects federal and state officials from liability for discretionary functions, and from the unwanted demands customarily imposed upon those defending a long drawn-out lawsuit." Roybal v. City of Albuquerque, 2009 WL 1329834 at *10 (D.N.M. 2009) (Browning, J.) (quoting Siegert v. Gilley, 500 U.S. 225, 232 (1991)).  It is "an entitlement not to stand trial or face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

"Once [a] defendant raises the issue [of qualified immunity], [u]ntil the threshold immunity question is resolved, discovery should not be allowed."  Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).  See also Siegert, 500 U.S. at 231 ("once a defendant pleads a defense of qualified immunity on summary judgment, the judge may determine, not only the currently applicable law but whether that law was clearly established at the time an action occurred.  Until this threshold immunity question is resolved, discovery should not be allowed."); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the Court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred.").  Because qualified immunity is an immunity from suit, not only to liability (Harlow v. Fitzgerald, supra), "the court must not let a plaintiff use discovery as a fishing expedition to flesh out the merits of his claim."  Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir. 1990).

Lieutenant Sanches (now Captain Sanches) and former Deputy Archuleta have raised the defense of qualified immunity in their motion for summary judgment as to the federal claims asserted against them and the protections of state law as to the state law claims against them.

2


Doc. 21.  In their motion, they argue that they were entitled under the law to rely on the report of a suspected burglary from the dispatcher, as reported by neighbor Charles Canada, they were entitled under the law to briefly detain the Plaintiff Charlene Carroll in handcuffs until her identify and connection to the property was confirmed, and they were entitled under the law to enter the residence on the property without a warrant due to the report of a burglary in progress.. (Doc. 21).  Moreover, without an underlying viable claim against Lieutenant Sanches and former Deputy Archuleta, claims would not lie against Rio Arriba County or former Sheriff Thomas Rodella.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998).  It is therefore appropriate to stay discovery as a ruling on Lieutenant Sanches and former Deputy Archuleta's qualified immunity motion may be dispositive as to all of the claims against all of the Defendants.  See, e.g., Doe v. McAfee, 2013 WL 5548905 *2 (D. Colo. 2013) (finding that a stay of all discovery is appropriate where a ruling on a motion to dismiss could resolve the suit in its entirety).

## **CONCLUSION**

For the reasons stated, the Court should grant a protective order and stay discovery until the Court rules on the qualified immunity motion of Defendants Randy R. Sanches, Thomas R. Rodella and Brandon Archuleta.

Respectfully submitted,

YENSON, ALLEN & WOSICK, P.C.

**/s/ Robert W. Becker**
Robert W. Becker
*Attorneys for Defendants Board of County Commissioners of Rio Arriba County, Randy R. Sanches and Thomas R. Rodella*
4908 Alameda Blvd NE
Albuquerque, NM  87113-1736
(505) 266-3995
rbecker@ylawfirm.com

BRENNAN & SULLIVAN, P.A.

**/s/ James P. Sullivan**
James P. Sullivan
Frank D. Weissbarth
*Attorney for Brandon Archuleta*
128 E de Vargas Street
Santa Fe, NM  87501-2702
(505) 995-9710
jamie@brennsull.com
frank@brennsull.com

**I HEREBY CERTIFY** that on the 20th day of January, 2017, I filed the foregoing electronically through the CM/ECF filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing and mailed same by first class mail to:

Kristina Martinez
A. Nathaniel Chakeres
Coberly & Martinez, LLLP
1322 Paseo de Peralta
Santa Fe, NM, 87501
(505) 989-1029
kristina@coberlymartinez.com
nat@coberlymartinez.com
*Attorneys for Plaintiff*

**/s/ Robert W. Becker**

4